

**FILED**
**MAY 25 2016**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JASON MARTINEZ, Defendant. | 1:16-CR-10001-CBK  OPINION AND ORDER |

## INTRODUCTION

Defendant was charged by indictment on January 21, 2016, with the crimes of aggravated sexual abuse, kidnapping, assault with a dangerous weapon, and assault resulting in serious bodily injury. He entered an initial appearance on February 4, 2016. The jury trial was initially scheduled for April 12, 2016. On March 30, 2016, the government orally moved for a continuance of the trial. The motion was granted, over the objection of the defendant, on the basis that the interests of justice are served by a continuance to allow the F.B.I. laboratory to complete forensic testing of evidence. The trial was continued to July 12, 2016. Thereafter, defendant filed a motion to dismiss the indictment on the basis that the defendant was not brought to trial within 70 days as required by the Speedy Trial Act, 18 U.S.C. § 3161.

## DECISION

**I. Speedy Trial Act.**

The Speedy Trial Act requires in this case that the defendant be brought to trial within 70 days after his initial appearance. 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded in computing the time within which the defendant must be brought to trial. 18 U.S.C. § 3161(h).

> Among the statutorily approved reasons for days to be excluded from the speedy-trial calculation is an "ends-of-justice" continuance: A trial may be delayed if a district court finds the ends of justice so require and "sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance

> outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

United States v. Adejumo, 772 F.3d 513, 521 (8th Cir. 2014). A defendant's consent is not required for the court to make a finding that the ends of justice are served by a continuance. United States v. Jones, 795 F.3d 791, 798 (8th Cir. 2015). The Speedy Trial Act prohibits an ends of justice continuance solely "because of . . . lack of diligent preparation . . . on the part of the attorney for the Government. § 3161(h)(7)(C)." United States v. Villarreal, 707 F.3d 942, 953 (8th Cir. 2013). "A defendant has the burden of proof to show that his statutory right to a speedy trial has been violated." United States v. Williams, 557 F.3d 943, 950 (8th Cir. 2009).

The alleged offenses in this case occurred on December 9, 2015. Over 60 pieces of evidence, including a wet mop that may have been used to mop up blood from the floor, were collected on December 9 and 10. The mop head had to be dried consistent with F.B.I. protocol prior to shipping the evidence for testing. On December 28, 2015, the evidence was sent to the Minneapolis F.B.I. office. On January 4, 2016, the items reached Minneapolis. They were mailed to the F.B.I. Laboratory in Quantico, Virginia, on January 6, 2016.

According to the prosecutor, the F.B.I. Laboratory conducts analysis of evidence in a specific order so as not to lose any evidence. Trace evidence is tested first and usually takes 30 days to conduct. DNA evidence is next tested and usually takes 60 days to conduct. Testing for latent prints and shoe prints are conducted after DNA testing. According to the prosecutor, shoe print testing takes 180 days to conduct.

This case was assigned to the Honorable Roberto Lange at the time of the hearing on the motion to continue. Judge Lange held that the government "has acted expeditiously in collecting the evidence – and once the mop head was dried out – sending it on to the FBI office and in turn to the lab." Judge Lange concluded that "the ends of justice are served by allowing the analysis of the evidence to be completed . . . a continuance of the trial by a period of . . . 90 day[s] . . . would serve the public interest in actually allowing analysis of the evidence to determine . . . if there is evidence of the defendant's guilt or evidence that exculpates the defendant."

The record in this case supports a finding that the delay in testing was not "unreasonable or indicative of a lack of diligence." See United States v. Villarreal, 707 F.3d at 954. I find that the period of delay caused by the government's motion to continue is excluded from computing

2

the time within which the trial in this case must commence and that the defendant's statutory right to a more speedy trial was not violated.

## II. Constitutional Right to a Speedy Trial.

The Sixth Amendment to the United States Constitution guarantees an accused the right to a speedy trial. The United States Supreme Court has identified four factors the lower courts should assess and balance in determining whether a particular defendant has been deprived of his speedy trial right: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972).

> The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case. To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.
>
> \* \* \*
>
> Closely related to length of delay is the reason the government assigns to justify the delay. Here, too, different weights should be assigned to different reasons. A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.
>
> \* \* \*
>
> We have already discussed the third factor, the defendant's responsibility to assert his right. Whether and how a defendant asserts his right is closely related to the other factors we have mentioned. The strength of his efforts will be affected by the length of the delay, to some extent by the reason for the delay, and most particularly by the personal prejudice, which is not always readily identifiable, that he experiences. The more serious the deprivation, the more likely a defendant is to complain. The defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the

> right. We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial.
>
> * * *
>
> A fourth factor is prejudice to the defendant. Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past. Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown.
>
> * * *
>
> We have discussed previously the societal disadvantages of lengthy pretrial incarceration, but obviously the disadvantages for the accused who cannot obtain his release are even more serious. The time spent in jail awaiting trial has a detrimental impact on the individual. It often means loss of a job; it disrupts family life; and it enforces idleness. Most jails offer little or no recreational or rehabilitative programs. The time spent in jail is simply dead time. Moreover, if a defendant is locked up, he is hindered in his ability to gather evidence, contact witnesses, or otherwise prepare his defense. Imposing those consequences on anyone who has not yet been convicted is serious. It is especially unfortunate to impose them on those persons who are ultimately found to be innocent. Finally, even if an accused is not incarcerated prior to trial, he is still disadvantaged by restraints on his liberty and by living under a cloud of anxiety, suspicion, and often hostility.
>
> * * *
>
> We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process. But, because we are dealing with a fundamental right of the accused, this process must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution.

Barker v. Wingo, 407 U.S. at 530-33, 92 S.Ct. at 2192-93.

Defendant is charged with very serious offenses. A three month delay in trial is not presumptively prejudicial. Such finding would, under Barker v. Wingo, obviate the necessity of

4

addressing any other factors. Nonetheless, even after considering the other factors, no speedy trial right was violated in this case.

The reason for the delay in this case, to allow for forensic testing of evidence, weighs in favor of a finding that the right to a speedy trial was not violated. In the words of the United States Supreme Court, such a valid reason justifies the delay in this case. Barker v. Wingo, 407 U.S. at 530, 92 S.Ct. at 2192.

Defendant asserted his right to a speedy trial immediately after the government moved to continue the trial. The defendant's assertion of his speedy trial right weighs in favor of a finding that defendant has been deprived of the right.

Defendant is not unduly prejudiced by a delay in bringing the charges against him to trial. While it is true that he will be incarcerated an additional three months awaiting federal trial, he was in tribal custody when the federal charges were filed. He would likely have been in tribal custody pending resolution of those charges, which were scheduled for hearing in April 2016. He will go back to tribal custody upon resolution of the federal charges. His total period of pre-trial detention is not substantially affected by the delay in this case.

Taking into account all the factors set forth in Barker v. Wingo, I find that the defendant has not been deprived of his federal constitutional right to a speedy trial.

## ORDER

Now, therefore,

IT IS ORDERED that defendant's motion, Doc. 31, to dismiss indictment is denied.

DATED this 25th day of May, 2016.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge